UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Harvey Weinstein, )<br>)<br>Defendant, )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>COMPLAINT FOR<br>DECLARATORY<br>JUDGMENT |

---

Plaintiff AXIS Surplus Insurance Company, by its attorneys, CLYDE & CO US LLP, as and for its complaint for declaratory judgment, alleges as follows:

## PARTIES

1.      Plaintiff AXIS Surplus Insurance Company ("AXIS") is a corporation organized under the laws of the State of Illinois, with its principal place of business in Alpharetta, Georgia.

2.      Upon information and belief, Defendant Harvey Weinstein ("Weinstein") resides in Connecticut.  In 1993, Weinstein and his brother co-founded and served as co-chairman of Miramax Film Corp. ("Miramax"), which was purchased by The Walt Disney Company in 1995, and later sold in 2010.  In 2005, Weinstein and his brother left Miramax and co-founded The Weinstein Company ("TWC"), where Weinstein served as TWC's co-chairman and co-CEO until his termination in October 2017.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332 based on

complete diversity of the parties, and because the amount in in controversy set forth in this complaint exceeds the sum of $75,000, exclusive of costs.

4.      Venue is proper pursuant to 28 U.S.C. §1391 on either of the following alternative grounds: (a) a substantial part of the events giving rise to the instant claim for declaratory relief and reimbursement occurred in this district, including, without limitation, that upon information and belief, the principal place of business of Harvey Weinstein is New York; (b) a significant portion of the matters tendered to AXIS for coverage is venued in this district, including a civil complaint filed by the Attorney General of the State of New York, and a felony criminal complaint filed in the Criminal Court of the City of New York, and Harvey Weinstein is subject to personal jurisdiction in this district.

## INTRODUCTION

5.      This is an action pursuant to 28 U.S.C. §§ 1332, 2201 and 2202 for a declaration that AXIS has no obligation to provide defense or indemnity coverage to Weinstein in connection with certain criminal and civil matters asserted against Weinstein and tendered to AXIS under a primary directors and officers policy issued to The Walt Disney Company for the period October 1, 2017 to October 1, 2018.

6.      AXIS seeks a declaration that the various matters tendered to AXIS for coverage do not fall within the scope of the coverage afforded by the insuring agreements of the policy under which Weinstein seeks coverage and that coverage for the tendered matters is precluded by California Insurance Code Section 533.

7.      An actual justiciable controversy exists between AXIS and Weinstein.

## THE AXIS D&O POLICY

8.      AXIS issued its primary Directors, Officers and Corporate Liability Insurance Policy, No. ELN710022/01/2017, to The Walt Disney Company ("Disney") for the policy period October 1, 2017 to October 1, 2018 (the "AXIS D&O Policy"), a true and correct copy of which is attached hereto as **Exhibit A** and incorporated by this reference as though fully set forth herein. The AXIS D&O Policy has a $25 million maximum aggregate Limit of Liability for all

**Claims** under Section I, Insuring Agreements, combined, and a $500,000 maximum aggregate sublimit of liability for all **Investigation Costs** under Section I.D.

9.      Upon information and belief, Disney is not indemnifying Weinstein with respect to the matters tendered to AXIS for coverage.  As a consequence, only Insuring Agreements I.A and I.F of the AXIS D&O Policy are potentially relevant.

## THE TENDERED MATTERS

10.      The following matters, among others, were tendered on behalf of Weinstein to AXIS for coverage under the AXIS D&O Policy:

1)      *ABC v. Harvey Weinstein, et al.,* Case No. HQ17-P- 04249, filed on November 23, 2017 in the (UK) High Court of Justice (England), Queen's Bench Division (the "ABC Lawsuit"), attached hereto as **Exhibit B**;

2)      *Ackers v. Harvey Weinstein et al.,* Case No. BC681850, filed on November 2, 2017, in the Superior Court of the State of California, County of Los Angeles (the "Ackers" Lawsuit), attached hereto as **Exhibit C**;

3)      *Canosa v. Harvey Weinstein, et al.*, Case No. 161254-2017, filed on December 20, 2017, in the Supreme Court of the State of New York, County of New York, with an amended complaint filed on April 13, 2018 (the "Canosa Lawsuit"), attached hereto as **Exhibit D**;

4)      *Dulany et al., v. Miramax Film NY, LLC, et al.,* Case No. 1:18-CV-04857, first filed on June 1, 2018, in the United States District Court for the Southern District of New York, and amended on June 6, 2018 (the "Dulany Class Action"), attached hereto as **Exhibit E**;

5)      *Geiss et al., v. Harvey Weinstein, et al.,* Case No. 1:17-CV-09554, filed on December 6, 2017, in the United States District Court for the Southern District of New York (the "Geiss Class Action"), attached hereto as **Exhibit F**;

6)    *Huett v. The Weinstein Company LLC, et al.,* Case No. BC680869, originally filed on October 24, 2017, in the Superior Court of the State of California, County of Los Angeles, with a First Amended Complaint ("FAC") filed on January 31, 2018 (the "Huett Lawsuit"), attached hereto as **Exhibit G**;

7)    *Jane Doe v. Harvey Weinstein, et al.*, Case No. CV-17-585459, filed on November 6, 2017, in the Ontario (Canada) Superior Court of Justice (the "Jane Doe Lawsuit"), attached hereto as **Exhibit H**;

8)    *Jane Doe v. Harvey Weinstein, et al.*, Case No. BC683411, originally filed on November 14, 2017, in the Superior Court of the State of California, County of Los Angeles, after which a FAC was filed on January 2, 2018, attached hereto as **Exhibit I**, which was removed to the Central District of California, Western Division of Los Angeles on May 3, 2018, Case No. 2:18-cv-03725-MWF-MRW, and then transferred to the Southern District of New York on June 15, 2018, Case No. 1:18-cv-05414-RA (the "Jane Doe 2 Lawsuit");

9)    *Judd v. Harvey Weinstein*, Case No. SC129204, filed on April 30, 2018, in the Superior Court for the State of California, County of Los Angeles (the "Judd Lawsuit"), attached hereto as **Exhibit J**;

10)   *Noble v. Harvey Weinstein, et al.*, Case No. 1:17-CV-09260, filed on November 27, 2018, in the United States District Court for the Southern District of New York (the "Noble Lawsuit"), attached hereto as **Exhibit K**;

11)   *Rehal v. Harvey Weinstein et al.*, Case No.18-CV-00674, filed on January 25, 2018, in the United States District Court for the Southern District of New York (the "Rehal Lawsuit"), attached hereto as **Exhibit L**;

12)   *Swain v. Harvey Weinstein, et al.*, Case No. 101753-17, filed on December

13, 2017, in the Supreme Court of the State of New York, County of New

York (the "Swain NY Lawsuit"), attached hereto as **Exhibit M**;

13)   *Swain v. Harvey Weinstein et al.,* Case No. 2018-V-113-JS, filed on May

24, 2018, in the Superior Court of Tattnall County, Georgia (the "Swain

GA Lawsuit"), attached hereto as **Exhibit N**;

14)   the civil complaint in *The People of the State of New York, by Eric T.*

*Schneiderman, AG of the State of New York v. The Weinstein Company*

*LLC, et al.,* Case No. 450293/2018, filed on February 11, 2018, in the

Supreme Court of the State of New York, County of New York (the "NY

AG Action"), attached hereto as **Exhibit O**;

15)   the felony criminal complaint in *The People of the State of New York v.*

*Harvey Weinstein,* Case No. 2018NY 023971, filed on May 25, 2018, in

the Criminal Court of the City of New York, New York County (the

"Criminal Complaint"), attached hereto as **Exhibit P**, the May 30, 2018

Grand Jury Indictment of Weinstein on all counts asserted in the Criminal

Action (the "Indictment"), attached hereto as **Exhibit Q,** as well as the

July 2, 2018 superseding indictment pursuant to which the Grand Jury

charged Weinstein with an additional count of Criminal Sexual Act in the

First Degree for a forcible sexual act against a third woman in 2006, as

well as two counts of Predatory Sexual Assault, a Class A-II felony which

carries a minimum sentence of 10 years and a maximum sentence of life

imprisonment (the "Superseding Indictment"), which charges are in

addition to the Indictment on charges of Rape in the First and Third

Degrees, as well as Criminal Sexual Act in the First Degree, for forcible

sexual acts against two women in 2013 and 2004, respectively, attached

hereto as **Exhibit R** (collectively, the "Criminal Action"); and

16)   Certain confidential written demand letters and other confidential matters

submitted to AXIS for coverage under the AXIS D&O Policy (the

"Confidential Matters"),

(sub-paragraphs 1- 16 above are collectively referred to as the "Tendered Matters").

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment Based on Insuring Agreements And Capacity)

11.     AXIS incorporates by reference and realleges paragraphs 1 through 10, as though set forth in full herein.

12.     An actual controversy exists between AXIS, on the one hand, and Weinstein, on the other hand, relating to their respective rights and obligations under the AXIS D&O Policy.

13.     With the exception of the Judd Lawsuit, AXIS contends there is no defense or indemnity coverage for Weinstein with respect to the Tendered Matters because the conduct alleged in the Tendered Matters was personal in nature and performed in Weinstein's individual capacity, and was not performed within the scope of Weinstein's capacity as a director, officer, or employee of Miramax, and thus, does not constitute a **Wrongful Act** under Insuring Agreement I.A.1, a **Wrongful Employment Act** under Insuring Agreement I.F, or an **Enforcement Authority Inquiry** under Insuring Agreement I.A.2, as required for coverage under the AXIS D&O Policy.

14.     Upon information and belief, Weinstein disputes this position.

15.     A declaratory judgment is necessary to determine the rights and obligations of the parties to the AXIS D&O Policy.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Based on Definition of Wrongful Employment Act)

16.     AXIS incorporates by reference and realleges paragraphs 1 through 10, as though set forth in full herein.

17.     An actual controversy exists between AXIS, on the one hand, and Weinstein, on the other hand, relating to their respective rights and obligations under the AXIS D&O Policy.

18.     AXIS contends there is no defense or indemnity coverage for Weinstein with

COMPLAINT FOR DECLARATORY RELIEF

respect to the Tendered Matters under Insuring Agreement I.F of the AXIS D&O Policy because the conduct alleged in the Tendered Matters does not constitute a **Wrongful Employment Act** as required for coverage under the AXIS D&O Policy.

19.     Upon information and belief, Weinstein disputes this position.

20.     A declaratory judgment is necessary to determine the rights and obligations of the parties to the AXIS D&O Policy.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment Based on California Insurance Code Section 533 And New York Public Policy)

21.     AXIS incorporates by reference and realleges paragraphs 1 through 10, as though set forth in full herein.

22.     An actual controversy exists between AXIS, on the one hand, and Weinstein on the other hand, relating to their respective rights and obligations under the AXIS D&O Policy.

23.     AXIS contends there is no indemnity or defense coverage for Weinstein with respect to the Tendered Matters pursuant to California Insurance Code Section 533 and New York Public Policy because the Tendered Matters exclusively allege conduct by Weinstein which, by its very nature, is intentional and harmful, or consists of intentional acts performed with knowledge that damage is highly probable or substantially certain to result.

24.     A declaratory judgment is necessary to determine the rights and obligations of the parties to the AXIS D&O Policy.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff AXIS prays for judgment as follows:

1.   With respect to the First Claim For Relief, for a declaration that there is no defense or indemnity coverage for Weinstein with respect the Tendered Matters, with the exception of the Judd Lawsuit, because the conduct alleged against Weinstein in the Tendered Matters, except for the Judd Lawsuit, was not performed in Weinstein's capacity as a director, officer, or employee of Miramax, and thus does not constitute a

COMPLAINT FOR DECLARATORY RELIEF

**Wrongful Act**, **Wrongful Employment Act**, or **Enforcement Authority Inquiry** as required for coverage under the AXIS D&O Policy;

2. With respect to the Second Claim For Relief, for a declaration that there is no defense or indemnity coverage for Weinstein with respect the Tendered Matters under Insuring Agreement I.F of the AXIS D&O Policy because the conduct alleged against Weinstein in the Tendered Matters does not constitute a **Wrongful Employment Act**, as required for coverage under the AXIS D&O Policy;

3. With respect to the Third Claim for Relief, for a declaration that there is no coverage for Weinstein with respect to the Tendered Matters pursuant to California Insurance Code Section 533 and New York public policy.

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: August  17, 2018

By: _____
Edward J. Kirk
Scott W. Schwartz
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212)-710-3900
<scott.schwartz@clydeco.us>
 <edward.kirk@clydeco.us>
*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY RELIEF